

**IT IS SO ORDERED.**
**Signed December 16, 2014**

_Arthur S. Weissbrodt_

**Arthur S. Weissbrodt**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re                                    ] Case No. 12-54310-ASW
                                         ]
ROBERT COREAS,                           ] Chapter 11
                                         ]
                        Debtor.          ] Dec. 4, 2014
_____   ] 3:00 p.m.

### MEMORANDUM DECISION RE: OBJECTION TO CONFIRMATION

Before the Court is Creditor Bank of New York Mellon's objection to confirmation of Debtor's chapter 11 plan (docket no. 205). Creditor is represented by attorney Kelly Raftery; Debtor is represented by attorney Drew Henwood. On December 4, 2014, the Court issued a Tentative Decision. The parties argued the matter; this Memorandum Decision is the Court's final decision.

Creditor holds a deed of trust against Debtor's investment property at 14154 Lucian Avenue, San Jose, CA (the "Lucian Property"). Debtor sought and obtained an order on August 20, 2012 valuing the Lucian Property at $298,000 (the "Valuation Order"). Debtor has used this value in the Plan and Disclosure Statement as the amount of Creditor's secured claim. Creditor contends that this valuation is stale; Creditor obtained a Broker's Price Opinion as of April 2014 showing the value of the Lucian Property at $495,000.

Case: 12-54310   Doc# 218   Filed: 12/16/14   Entered: 12/16/14 16:20:51   Page 1 of 5

The sole issue is whether the Valuation Order is binding on Creditor for confirmation purposes, given the rule that property valuations in chapter 11 cases are to be done at or near the time of confirmation. In re Dheming, 2013 WL 1195652, at *3 (Bankr. N.D. Cal. Mar. 22, 2013).

In Debtor's motion to value the Lucian Property, which was filed on June 29, 2012, Debtor stated, "In the Debtor's Chapter 11 Plan, the Debtor intends to cram down the lien held by the Respondent." The Valuation Order provides: "(1) For purposes of Debtor's plan only, the Lien should be valued solely as a secured claim in the amount of $298,000. . . . (2) This order shall become part of Debtor's confirmed chapter 11 plan." This order was never challenged by Creditor, and is now final.[1]

Thus, the Valuation Order was specifically for plan confirmation purposes. Although Creditor correctly points out that valuations normally are to be done at or near the time of confirmation, Creditor does not cite any authority, and the Court has found none, that would require this Court to modify or vacate the Valuation Order. Creditor points out that the value established in the Valuation Order is as of the petition date, as evidenced by the declaration of Robert Coreas in support of the motion to value. However, no objection was raised at the time the motion to value was filed, nor did Creditor (or its predecessor-in-interest) raise the issue in a timely filed motion for reconsideration. Creditor argues that there was no reason to move for reconsideration until now, but given the comeback in the real estate market, and the

---

[1] The original holder of the claim at issue was Bank of America, N.A. The claim was transferred to Bank of New York Mellon in February of 2014.

issuance of this Court's decision in <u>Dheming</u> in March of 2013,
Creditor could have filed a timely Rule 60(b) motion, but did not.

Section 1129(a)(7) requires that a holder of an impaired claim
or interest either accept the plan or

> receive or retain under the plan on account of such claim
> or interest property of a value, as of the effective date
> of the plan, that is not less than the amount that such
> holder would so receive or retain if the debtor were
> liquidated under chapter 7 of this title on such date; or
> (B) if section 1111(b)(2) of this title applies to the
> claims of such class, each holder of a claim of such
> class will receive or retain under the plan on account of
> such claim property of a value, as of the effective date
> of the plan, that is not less than the value of such
> holder's interest in the estate's interest in the
> property that secures such claims.

Creditor filed a § 1111(b) election on July 30, 2013. Under
that election, Creditor is entitled to retain a lien equal to the
total amount of its claim ($603,175.95). Under the cramdown
provisions of § 1129(b)(2), the condition that a plan be fair and
equitable with respect to a rejecting class requires that Creditor
receive under the plan a stream of payments equal to its total
claim, but the stream of payments need only have a present value of
at least the value of Creditor's interest in the estate's interest
in the collateral, here $298,000. <u>In re Weinstein</u>, 227 B.R. 284,
294 (9th Cir. BAP 1998). Debtor states that he will modify his plan
accordingly, <u>i.e.</u>, Debtor will amend the plan to treat the claim as
secured for $298,000.00 and will pay the full claim of $603,175.95
over 360 months without interest.

At oral argument, Creditor's counsel stated that the § 1111(b)
election was filed at a very different stage in the proceedings,
and that Creditor would likely withdraw the election if the Court
would permit a new hearing on value.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Creditor contends that if the Valuation Order stands, Debtor cannot meet the "best interests" or liquidation requirement of § 1129(a)(7)(A) that a holder of an impaired claim must receive or retain property of a value as of the effective date of the plan, that is not less than the amount such holder would receive if the debtor were liquidated under chapter 7 on the effective date. This may very well be correct. However, Creditor's § 1111(b) election moots this argument. Because Debtor intends to file an amended plan, and Creditor has not withdrawn its § 1111(b) election, a decision on whether the liquidation test is satisfied would be premature at this time. As noted, the sole issue currently before the Court is whether the Debtor should be required to re-value the Lucian Property.

### CONCLUSION

There needs to be finality in orders. Debtor moved to value the Lucian Property for cram-down confirmation purposes. The Court valued the Lucian Property in an order that Creditor did not appeal. For confirmation purposes, that order is final and unappealable. Creditor has not cited any authority for the proposition that this Court's order is not final for confirmation purposes. If such orders were not final, every time there was a change in the real estate market, one party or the other would seek relief from a final order valuing real property.

For these reasons, Creditor's objection to the valuation of the Lucian Property is overruled. Counsel for the Debtor may submit a proposed form of order.

**\*\*\* END OF MEMORANDUM DECISION \*\*\***

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28